UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND SMITH, | ) 1:09-cv-00386-BAK-SMS HC |
| | ) |
| Petitioner, | ) ORDER REQUIRING RESPONDENT TO FILE |
| | ) RESPONSE |
| v. | ) |
| | ) ORDER SETTING BRIEFING SCHEDULE |
| | ) |
| | ) ORDER DIRECTING CLERK OF COURT TO |
| DEBRA DEXTER HERNDON, et al., | ) SERVE DOCUMENTS ON ATTORNEY |
| | ) GENERAL |
| Respondents. | ) |
| | ) |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court has conducted its preliminary screening of the petition. It is not clear from the face of the Petitioner whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Although it appears that the petition may suffer from timeliness and exhaustion problems, the record is insufficient for the Court to make a preliminary determination regarding those issues. Moreover, it now appears that Petitioner has been released on parole; accordingly, attempts to obtain additional information from Petitioner may prove fruitless. Therefore, pursuant to Rule 4 of the Rules Governing Section 2254

1  Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

2      1.    Respondent SHALL FILE a RESPONSE to the Petition[2] within **SIXTY (60) days** of the
3          date of service of this order.  <u>See</u> Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette</u>
4          <u>v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for
5          filing a response).  A Response can be made by filing one of the following:

6          A.    AN ANSWER addressing the merits of the Petition.  Respondent SHALL
7              INCLUDE with the Answer any and all transcripts or other documents necessary
8              for the resolution of the issues presented in the Petition.  <u>See</u>  Rule 5 of the Rules
9              Governing Section 2254 Cases.  Any argument by Respondent that Petitioner has
10             *procedurally defaulted* a claim  SHALL BE MADE in an ANSWER that also
11             addresses the merits of the claim asserted.

12         B.    A MOTION TO DISMISS the Petition.[3]  A Motion to Dismiss SHALL
13             INCLUDE copies of all Petitioner's state court filings and dispositive rulings.
14             <u>See</u> Rule 5, Rules Governing Section 2254 Cases.

15     2.    If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within
16         **THIRTY (30) days** of the date Respondent's Answer is filed with the Court.  If no
17         Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the
18         thirty days.

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4).  Rule 11 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules,  may be applied to a proceeding under these rules."  Rule 11, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **THIRTY (30) days** of the date Respondent's Motion is filed with the Court.  If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days.  Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **EIGHT (8) days**, plus three days for mailing.

4. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **SIXTY (60) days** a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   June 4, 2009**                          /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE

3