# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND J. SMITH, ) | 1:09-cv-00386-JLT HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS PETITION FOR |
| v. ) | VIOLATION OF 28 U.S.C. § 2244(d)(1) |
| ) | (Doc. 12) |
| ) | |
| DEBRA DEXTER HERNDON, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS (Doc. 1) |
| Respondent. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND CLOSE THE |
| ) | FILE |
| ) | |
| ) | ORDER DECLINING TO ISSUE A |
| ) | CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on February 20, 2009.[1] On June 4, 2009, the Court ordered Respondent to file a response. (Doc. 9).

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the

1

On August 3, 2009, Respondent filed the instant motion to dismiss the petition as untimely. (Doc. 12). On September 3, 2009, Petitioner filed his opposition to the motion to dismiss. (Doc. 18). On September 11, 2009, Petitioner filed a supplemental opposition. (Doc. 21). On March 13, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). On August 3, 2009, Respondent filed a similar consent to jurisdiction. (Doc. 14).

### DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review

---

earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed this petition on February 20, 2009. (Doc. 1, p. 12).

Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on February 20, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final, i.e., pursuant to § 2244(d)(1)(A).  Respondent contends that § 2244(d)(1)(A) is the appropriate starting date.  (Doc. 12, p. 3).  Here, the Petitioner was convicted on April 8, 1997.  (Doc. 1, p. 1; Lodged Documents ("LD") 1).  Petitioner commenced his direct appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"); however, Petitioner abandoned his

appeal and the 5th DCA duly dismissed the appeal on September 9, 1997. (LD 2).

Where an appeal is dismissed "on request or stipulation," as was the case here, the appeal becomes final upon the filing of that dismissal. Cal. Rules of Court, Rule 8.264(b)(2). Moreover, the 5th DCA's order, following Petitioner's notice of abandonment of the appeal, provided that "remittitur issue forthwith." (LD 2). Thus, 5th DCA appeal would have become final on September 9, 1997. Upon finality, an appeal must be taken to the California Supreme Court within ten days. Cal. Rules of Court, Rule 8.500(e)(1). That ten-day period for filing a petition for review in the California Supreme Court would thus have commenced on September 10, 1997 and would have expired on September 19, 1997. At that point, Petitioner's direct review would be final for purposes of the AEDPA. The one-year limitation period would then have commenced on the following day, i.e., September 20, 1997, and would have expired one year later, i.e., on September 19, 1998.

As mentioned, this is the chronology for most cases in which a petitioner does not proceed to the California Supreme Court in his direct review. Certainly, this is the chronology argued by Respondent in the motion to dismiss. Respondent notes that the AEDPA may provide a different starting point for the one year period "under certain specified circumstances, none of which are applicable here." (Doc. 12, p. 3).

In this instance, given the nature of the claims and the record now before this Court, the Court does not agree that 28 U.S.C. § 2244(d)(1)(A) governs the date on which the one-year period commenced. In order to fully explicate this point, the Court must relate in some detail the chronology of events set forth in the petition, the motion to dismiss, and the Lodged Documents supporting the motion to dismiss.

As mentioned, Petitioner was sentenced on April 8, 1997. At that hearing, Hon. Brad Hill of the Fresno County Superior Court, in sentencing Petitioner, credited him with 336 days of total pre-sentence credits, consisting of 294 days of actual credits and 42 days of conduct credits. (Doc. 1, Ex. B, p. 18). Defense counsel noted at the sentencing hearing that the credit total was incorrect and that Petitioner was entitled to more credit. (Id.). The credit total was then re-calculated to be 508 credits, consisting of 339 actual days and 169 conduct credits. (Id.). On May 18, 1997, an abstract of judgment was filed listing the credit total at 336 days. (Doc. 1, Ex. C). On July 7, 1997, Petitioner's

appointed appellate counsel notified the trial court by letter that the credit total in the abstract of judgment was incorrect. (Doc. 1, Ex. D). Thereafter, an amended abstract of judgment was issued on July 17, 1997, awarding Petitioner 508 days' credits. (Doc. 1, Ex. C). However, on March 16, 1998, apparently at the urging of the California Department of Corrections and Rehabilitation, Judge Hill issued an order re-computing the pre-sentence credits back to the original total of 339 days. (Doc. 1, Ex. E).

The saga continued. On September 22, 1998, Judge Hill held a hearing on his March 16, 1998 reduction of credits, and, thereafter, issued a minute order once again re-instating the higher total of 508 days. (Doc. 1, Ex. F). At this point, the record becomes unclear. Petitioner has appended to his petition minute orders from Judge Hill dated June 12, 2001, June 5, 2002, September 27, 2002, and May 12, 2004. (Doc. 1, Ex. G). These minute orders to not explain what transpired before Judge Hill on those dates, although the court did order transcripts of earlier hearings on several of those occasions. Significantly, however, on May 11, 2004, the day before the last minute order, Judge Hill issued an amended abstract of judgment that once again reduced the amount of pre-sentence credits back to 390, with the following notation:

> "This abstract is amended nunc pro tunc to April 8, 1997. Pre-Sentence time credits adjusted pursuant to PC 2933.1 as correctly shown on the original abstract of judgment filed 4/19/97 and as incorrectly shown on the first amended abstract of judgment filed 7/17/97."

(Doc. 1, Ex. G).

Given this chronology, as discussed more fully below, the Court believes that using the starting date specified in § 2244(d)(1)(D), rather than the date specified in § 2244(d)(1)(A), is more reasonable. Under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v.

5

United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).

It is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance.") To "have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." Hasan, 254 F.3d at 1154. In order to claim the benefit of tolling in this case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would give rise to tolling).

Here, Petitioner could reasonably contend that the one-year period did not commence when his direct review ended in 1997, but instead commenced on the date when he became aware of the factual predicate for his claim. As the chronology above indicates, the pre-sentence credit total alternated between 390 and 508 on multiple occasions between 1997 and 2004. The Court appreciates, without deciding, that Petitioner could reasonably argue that between September 20, 1997 and May 11, 2004, as he waged his ongoing campaign to correct what he erroneously believed was a "mis-communication" between the California Department of Corrections and Rehabilitation and the trial court, Petitioner's repeated efforts to correct what he viewed as an administrative error preclude any finding that he had a factual predicate for his credits claim because, during that process, he continued to receive encouragement from the trial court in the form of various orders restoring the credits that Petitioner now seeks in this petition.

However, the evidence also indicates that Judge Hill finally put this issue out of its misery with the amended abstract of judgment dated May 11, 2004, in which he clearly indicated that, despite his prior vacillation, he was making the pre-sentence credit order at the lower credit level nunc pro tunc to the original date of sentencing and that the amended abstract of judgment dated July 17, 1997, that had awarded the higher credit total, was incorrect. At that point, Petitioner could be

under no illusion that his quest to receive the additional pre-sentence credits had failed and that further efforts to persuade Judge Hill of the merits of his position would be unavailing. At that point, Petitioner could no longer reasonably believe that the award of a lower credit amount was inadvertent or the result of a mis-communication or administrative error. In other words, Petitioner knew or should have known the factual basis for his claim no later than May 12, 2004, the date the trial court issued its minute order regarding the amended abstract of judgment filed the previous day rescinding the July 17, 1997 abstract of judgement that had awarded the higher credit total.

Thus, the Court finds that, at the latest, using the starting date specified in § 2244(d)(1)(D), the one-year period would have commenced on May 13, 2004 and would have expired one year later, on May 12, 2005. As mentioned, the instant petition was filed on February 20, 2009, almost five years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court,

because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the record establishes that Petitioner filed the following state habeas petitions: (1) filed on June 27, 2005 in the Superior Court for Fresno County and denied on October 20, 2005 (LD 3 & 4); (2) filed in the 5th DCA on November 15, 2005 and denied on December 1, 2005 (LD 5 & 6); (3) filed in the 5th DCA on December 18, 2007 and denied on March 6, 2008 (LD 7 & 8); (4) filed in the Superior Court of Fresno County on December 30, 2007 and denied on April 7, 2008 (LD 9 & 10); (5) filed in the California Supreme Court on September 14, 2008 and denied on December 10, 2008 (LD 11 & 12); (6) filed in the 5th DCA on December 5, 2008 and denied on December 24, 2008 (LD 13 & 14); (7) filed in the California Supreme Court on December 16, 2008 and denied on January 21, 2009. (LD 15 & 16).

Even assuming, arguendo, that each of these petitions was "properly filed" within the meaning of the AEDPA, they do not afford Petitioner any statutory tolling. This is because the one-year period had already expired before the first state petition was filed.

A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180

F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, even using the latest possible starting point, i.e., the one provided for in § 2244(d)(1)(D), the limitation period expired on May 12, 2005, approximately six weeks *before* Petitioner filed his first state habeas petition on June 27, 2005. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

### D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling, and, based on its review of the record, the Court sees no basis for such entitlement. However, Petitioner would presumably contend that he had been making a good-faith effort to correct the "misunderstanding" or "mis-communication" between the trial court and Respondent, and that he should not be penalized for his efforts to resolve the matter in the first instance in the trial court rather than proceeding to exhaust his claims and file a federal habeas petition. Such an argument would be misguided.

As mentioned above, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, in resolving the question of equitable tolling, the Court must also consider petitioner's diligence in pursuing his claims.

As mentioned, Petitioner waited for over one year after the second amended abstract of judgment was filed on May 11, 2004 before filing his first state habeas petition. Thereafter, Petitioner did not proceed to successively higher levels of the state courts in order to fully exhaust his claim in the most expeditious manner. Instead, he began in the Superior Court, went to the 5th DCA, filed again in the 5th DCA, went back to Superior Court, and then, finally, filed a petition in the California Supreme Court. Indeed, Petitioner's last two state petitions--in the 5th DCA and the California Supreme Court–appear to be redundant to the instant claim because he had already exhausted that claim previously but had not as yet filed his federal petition. Finally, Petitioner waited approximately two years between the denial of his second state petition and the filing of his third petition.

As previously explained, the Court has taken the most favorable starting date for the commencement of the one-year period in order to give Petitioner every benefit of the doubt. Yet even under such a liberal construction of the AEDPA's time limits, the one-year period still expired well before Petitioner finally sprang into action. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see also Miles, 187 F.3d at 1107. In sum, the Court finds that Petitioner has not been diligent; thus, he is not entitled to equitable tolling. Accordingly, the petition is untimely and should be dismissed.

E. The Court Declines To Issue A Certificate Of Appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not

be taken to the court of appeals from--
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
   (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Respondent's motion to dismiss (Doc. 12), is GRANTED;
2. The habeas corpus petition (Doc. 1), is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 12, 2010**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE